IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARK PAYNE**            **PLAINTIFF**

vs.        No. 2:22-cv-2113-PKH

**FREEMAN TRANSIT, LLC, and**         **DEFENDANTS**
**CHRISTOPHER FREEMAN**

## ORIGINAL COMPLAINT

Plaintiff Mark Payne ("Plaintiff") by and through undersigned counsel, for his Original Complaint against Defendants Freeman Transit, LLC, and Christopher Freeman (collectively "Defendants" or "Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, during the time period relevant to this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is headquartered in the Fort Smith Division of the Western District of Arkansas. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Simpson County, Kentucky.

6. Separate Defendant Freeman Transit, LLC ("Freeman Transit"), is a domestic limited liability company.

7. Freeman Transit's registered agent for service of process is Christopher Ray Freeman at 1910 South R, Fort Smith, Arkansas 72901.

8. Separate Defendant Christopher Freeman ("Freeman") is an individual and resident of Arkansas.

### IV. FACTUAL ALLEGATIONS

9. Defendants own and operate a trucking company.

10. Freeman is a principal, director, officer, and/or owner of Freeman Transit.

11. Freeman, in his role as an operating employer of Freeman Transit, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

12. Freeman took an active role in operating Freeman Transit and in the management thereof.

13. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling,

or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

14. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. Plaintiff was employed by Defendants from April of 2017 until March of 2022.

16. Plaintiff was employed by Defendants as Director of Maintenance from approximately January of 2018 to March of 2022.

17. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

18. Plaintiff was classified by Defendant as exempt from the overtime requirements of the FLSA and paid a salary.

19. Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

20. Plaintiff was paid a salary for the duration of his employment with Defendant as Director of Maintenance.

21. Plaintiff's work followed the usual path of employer-employee relationships; Defendants treated him as an independent contractor only for tax purposes and for Defendants' convenience.

22. Defendants, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

23. As Director of Maintenance, Plaintiff was primarily responsible for answering phones and responding to questions from drivers, insurance companies, and others, but he also completed other tasks such as purchasing parts needed for truck repairs, calling tow trucks and monitoring truck diagnostics for drivers.

24. In the course of his duties for Defendants, Plaintiff regularly used instrumentalities of interstate commerce such as his cell phone, the internet, and credit cards.

25. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

26. Plaintiff regularly worked in excess of forty hours per week throughout his tenure with Defendants.

27. Defendants did not pay Plaintiff 1.5 times his regular hourly rate for hours worked over 40 each week.

28. Plaintiff never agreed that his salary would be sufficient to cover all hours worked.

29. In performing his services for Defendants, Plaintiff was not required to utilize any professional education relevant to his job duties.

30. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31. Plaintiff did not select any employees for hire or fire, nor did he provide any training for any employee.

32. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

33. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

34. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

35. The duties of Plaintiff were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

36. In carrying out his duties, Plaintiff followed the processes put in place by Defendants and others.

37. Plaintiff did not financially invest in Defendants' business.

38. Plaintiff did not share in the profits or losses of Defendants' business.

39. Defendants, not Plaintiff, set prices for services.

40. Defendants determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

41. Defendants, not Plaintiff, decided whether and how many drivers and other employees to hire.

42. Plaintiff was hired to work for Defendants for a continuous and ongoing period of time.

43. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

44. Defendants required Plaintiff to follow Defendants' business policies and rules.

45. Defendants made decisions on advertising Defendants' business without Plaintiff's input.

46. If Plaintiff refused an assignment from Defendants, he risked discipline, up to and including termination.

47. Defendants set Plaintiff's schedule and workload.

48. The net effect of Defendants' practices and policies regarding Plaintiff's job duties and pay is that Defendants intentionally misclassified him as a salaried employee and as an independent contractor in order to avoid paying him an overtime premium for hours worked over 40 each week.

49. Defendants made no reasonable efforts to ascertain and comply with applicable law.

50. Plaintiff worked remotely and was required to be available to answer phone calls and perform other duties at all hours of the day or night.

51. Plaintiff's "set" hours were from 8 AM to 5 PM on Monday through Friday and from 10 AM to 3 PM on Saturday and Sunday.

52. However, in reality, Plaintiff worked far more than his set hours.

53. Defendants required Plaintiff to regularly work in excess of 40 hours per week.

54. Plaintiff regularly informed Defendants that he worked hour far beyond his set hours.

55. Defendants knew or should have known that Plaintiff worked over 40 hours in at least some weeks, but Defendants did not pay Plaintiff 1.5 times his regular rate of pay for those hours.

56. Plaintiff worked hours over 40, and therefore incurred damages, in most weeks during his employment with Defendants.

57. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## VI. CAUSE OF ACTION—VIOLATION OF THE FLSA

58. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60. At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

62. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

63. Defendants deprived Plaintiff of overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

64. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning in July of 2019, plus periods of equitable tolling.

66.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mark Payne respectfully prays for relief and damages as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

F.     An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MARK PAYNE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com