IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARK PAYNE**                                                                             **PLAINTIFF**

vs.                                      No. 2:22-cv-2113-PKH

**FREEMAN TRANSIT, LLC, and**                                **DEFENDANTS**
**CHRISTOPHER FREEMAN**

### PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Plaintiff Mark Payne, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for his Pretrial Disclosure Sheet, does hereby state as follows:

**1. Identity of the party submitting information.**

Plaintiff Mark Payne by and through his attorneys of the Sanford Law Firm, PLLC.

**2. Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3. A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201, *et seq.* The FLSA and AMWA requires employers to pay employees one and one-half times their

regular rate for all hours worked over 40 per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendant Christopher Freeman classified Plaintiff as exempt from the overtime requirements and paid Plaintiff a salary. Plaintiff regularly worked in excess of 40 hours per week throughout his tenure with Defendant Christopher Freeman. Defendant Christopher Freeman violated the FLSA and AMWA by failing to pay Plaintiff lawful overtime wages for all hours worked over forty each week. Therefore, Plaintiff seeks to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

4.  **Prospects for settlement.**

Plaintiff remains open to a reasonable settlement and is hopeful that Defendant Christopher Freeman will be receptive to entering negotiations and avoiding the expense of trial, if possible.

5.  **The basis for jurisdiction and objections to jurisdiction.**

The United States District Court for the Western District of Arkansas has jurisdiction over this suit under 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. Plaintiff was employed by and performed work for Defendant Christopher Freeman in the State of Arkansas; therefore, AMWA violations have also arisen out of the same set of operative facts as the federal cause of action. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.  **A list of pending motions.**

Defendants filed a Motion to Stay Further Proceedings on October 12, 2023. Plaintiff has responded and Defendants have until October 18 to file a reply. ECF Nos. 28-32.

**7. A concise summary of the facts.**

Defendant Christopher Freeman owned and operated a trucking company, for which he hired Plaintiff as "Director of Maintenance" from approximately January 2018 to March of 2022.

Plaintiff has alleged that he was improperly classified as an exempt, salaried independent contractor, and that he was, in reality, an employee entitled to overtime pay. Plaintiff claims and believes the evidence will show that the factors relating to independent contractor classification – chiefly the level of control exerted over Plaintiff's work, the permanency of the working relationship, the lack of opportunity for profit or loss based on initiative or investment, and the skills required for the work – all suggest that Plaintiff was an employee rather than an independent contractor. Defendant Christopher Freeman admits in his answer to many of these factors, or facts relating closely thereto.

Furthermore, if Plaintiff is an employee, then he is non-exempt (and owed overtime), despite the payment of a salary. Defendant Christopher Freeman did not plead any exemptions in his answer, and he admits to many of the allegations that would disqualify those exemptions from being claimed.

Defendant Christopher Freeman's defense, instead, is that Plaintiff was an independent contractor, and on the damages side, that hours logged as overtime were on-call time that is not compensable.

Defendant Christopher Freeman violated the FLSA and AMWA by failing to pay Plaintiff lawful overtime wages for all hours worked over forty each week. As such, Defendant Christopher Freeman deprived Plaintiff of compensation for all of his hours worked over forty per week.

**8. All proposed stipulations.**

A. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complain. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

C. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant Christopher Freeman, and Defendant Christopher Freeman therefore "resides" in Arkansas.

D. Plaintiff was a citizen of the United States and resident of and domiciled in the State of Arkansas at the time of the filing of Plaintiff's Original Complaint.

E. Defendant Christopher Freeman is an employer subject to the requirements of the FLSA and the AMWA.

F. Defendant Christopher Freeman, individually in his role as an operating employer of Freeman Transit, LLC, had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay or lack thereof.

G. Plaintiff was employed by Defendant Christopher Freeman from January of 2018 until March of 2022.

H. Plaintiff was a salaried employee of Defendant Christopher Freeman and was at all relevant times classified as an exempt employee by Defendant Christopher Freeman.

I. In the course of performing his work for Defendant Christopher Freeman, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

J. Plaintiff participated in interstate commerce as part of his job by ordering supplies that have been produced and purchased out-of-state.

K. As an employee of Defendant Christopher Freeman, Plaintiff was entitled to the protections of the FLSA and AMWA during his tenure of employment.

L. Plaintiff was routinely required to work in excess of forty (40) hours per week.

M. Defendant Christopher Freeman did not pay Plaintiff 1.5x his regular rate for hours worked over 40 each week.

**9. The issues of fact expected to be contested.**

A. The number of hours that Plaintiff worked per week.

B. The degree of control exercised over Plaintiff by Defendant Christopher Freeman.

C. Whether Defendant Christopher Freeman hired Plaintiff to work indefinitely.

**10. The issues of law expected to be contested.**

A. Whether Plaintiff was an employee as that term is used in the FLSA and the AMWA.

B. The applicable statute of limitations (willfulness).

    C.    Liquidated damages (i.e., whether Defendant Christopher Freeman acted in objective and subjective good faith in failing to compensate Plaintiff as required under the FLSA).

    D.    The amount of damages owed to Plaintiff.

**11.    A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer:

    A.    Time and pay records for Plaintiff;

    B.    Text messages emails from Plaintiff to Defendant Christopher Freeman;

    C.    Plaintiff's OSHA Complaint and Defendant Christopher Freeman's response;

    D.    Defendant Freeman Transit, LLC's Objections and Responses to Palinitff's Interrogatories and Request for Production; and

    E.    Damage calculations.

Plaintiffs may offer the following exhibits:

    A.    Any filed document of record by Defendants in this case;

    B.    Any filed document of record by Plaintiffs in this case;

    C.    Any and all documents exchanged by the Parties in this case; and

    D.    All exhibits listed in Defendant Christopher Freeman's Pretrial Disclosures.

**12.     The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call the following individuals as witnesses:

A.     Plaintiff Mark Payne; and

B.     Christopher Freeman.

Plaintiffs may call:

A.     Any and all witnesses identified by or called by Defendants at any point in this case; and

B.     Any and all witnesses in the courtroom attending the trial at the request of, or on behalf of, Defendant Christopher Freeman.

**13.     The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14.     An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in one day.

Respectfully submitted,

**PLAINTIFF MARK PAYNE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com
