UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK PAYNE                                                                                                   PLAINTIFF

v.                                            No: 2:22-cv-2113

FREEMAN TRANSIT, LLC and
CHRISTOPHER FREEMAN                                                                              DEFENDANTS

**ORDER**

Before the Court is Defendants Freeman Transit, LLC and Christopher Freeman's motion (Doc. 28) to stay further proceedings. Plaintiff Mark Payne responded in opposition (Doc. 30) and Defendants replied (Doc. 35). For the reasons set forth below, the motion will be GRANTED IN PART and DENIED IN PART.

Defendants seek a stay of all proceedings in this action because Defendant Freeman Transit, LLC has filed a petition for bankruptcy in the Western District of Arkansas, Case No. 2:23-bk-71486. Mr. Payne recognizes that the automatic bankruptcy stay found in 11 U.S.C. § 362 applies and agrees that the action should be stayed as to Freeman Transit, LLC. Mr. Payne disputes, however, that the stay should be extended to Mr. Freeman individually because Mr. Freeman has not filed for bankruptcy. Defendants admit there is no automatic co-debtor stay in a Chapter 11 bankruptcy, but Defendants argue the entire action should be stayed because the actions against Mr. Freeman and Freeman Transit, LLC are factually intertwined.

The Court agrees that the automatic bankruptcy stay applies to Freeman Transit, LLC, and the action against Freeman Transit, LLC is stayed pending the resolution of Bankruptcy Case No. 2:23-bk-71486. However, the Court does not agree that the entire action should be stayed.

The Eighth Circuit follows the general rule "that the [automatic bankruptcy] stay is not available to nonbankrupt codefendants, 'even if they are in a similar legal or factual nexus with

1

the debtor.'" *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quotation omitted). There is a narrow exception to this rule. This "unusual circumstances" exception applies the automatic stay "to non-debtors only when 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'" *Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 (8th Cir. 2011) (quotation omitted). For example, extending the stay is appropriate when "there is an automatic creation of liability against the debtor," such as when "non-debtor codefendants were entitled to be indemnified by [the debtor] and its insurer 'under the corporate by-laws and the laws of . . . the State of debtor's incorporation.'" *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1017 (N.D. Iowa 2001) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1007 (4th Cir. 1986)).

Defendants represent they will seek to extend the stay to Mr. Freeman in the bankruptcy case. Defendants are free to pursue this course of action. On the record before this Court, Mr. Freeman has not shown unusual circumstances exist to support extending the automatic stay to himself. Under *Croyden*, a similar legal or factual nexus with Freeman Transit, LLC is simply not sufficient to extend the automatic stay.

IT IS THEREFORE ORDERED Plaintiff's motion to stay is GRANTED IN PART and DENIED IN PART. Mr. Payne's action against Freeman Transit, LLC is STAYED pending the resolution of Bankruptcy Case No. 2:23-bk-71486. Mr. Payne's action against Mr. Freeman remains pending for trial.

IT IS SO ORDERED this 19th day of October, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

2