UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK PAYNE                                                                    PLAINTIFF

v.                                        No: 2:22-cv-2113

FREEMAN TRANSIT, LLC and
CHRISTOPHER FREEMAN                                                DEFENDANTS

## ORDER

Before the Court is Robert Honea's motion (Doc. 37) to withdraw from representing Defendants Freeman Transit, LLC and Christopher Freeman, or in the alternative a renewed motion to stay or continue. At the Court's direction, Plaintiff Mark Payne responded (Doc. 39). For the reasons set forth below, the motion will be DENIED.

Mr. Honea seeks to withdraw because the bankruptcy petition by Freeman Transit, LLC has prevented Christopher Freeman from paying attorney's fees. Mr. Honea also explains that invoices submitted before Freeman Transit filed its bankruptcy petition have not been timely paid. Mr. Honea seeks to withdraw under Arkansas Rule of Professional Conduct 1.16(b)(5)–(7).

"The decision to allow counsel to withdraw is left to the discretion of the district court." *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994) (citation omitted). "In cases of withdrawal for failure to pay fees, every circuit court to address the question 'has looked to the rules governing professional conduct for guidance.'" *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)). If an attorney satisfies the rules for withdrawal, then withdrawal is "presumptively appropriate." *Id.* However, that presumption is overcome if withdrawal "would severely prejudice the client or third parties." *Id.*

The Court will deny the motion to withdraw because the timing of the withdrawal would prejudice both Mr. Honea's client and the plaintiff in this case. Mr. Honea filed his motion less

1

than two weeks before trial.  Mr. Honea recognizes that the timing of his motion to withdraw would not allow a reasonable time to employ other counsel.  It is also not clear when Mr. Honea notified his client about his intent to withdraw, as required by Rule 1.16(b)(5).  Lastly, the parties' pretrial disclosures in this matter predict the bench trial will last only one day, which would not be an unreasonable financial burden to Mr. Honea under Rule 1.16(b)(6).

The comments to the Arkansas Rules of Professional Conduct explain a "lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests."  Ark. R. Pro. Conduct 1.16, *cmt.* 7.  Mr. Honea's timing has resulted in a situation where his withdrawal would have a materially adverse effect on his client's interest.  Generally, the failure to pay fees would be good cause for a withdrawal.  But in these circumstances, allowing withdrawal now would prejudice both Mr. Honea's client and the plaintiff, who has engaged in discovery and is ready to try this case.  Therefore, the Court will order Mr. Honea to continue to represent his client at the bench trial next week.  *See* Ark. R. Pro. Conduct 1.16(c) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.").

IT IS THEREFORE ORDERED that Mr. Honea's motion to withdraw is DENIED. Defendants' renewed motion to stay is DENIED for the same reasons set forth in the Court's earlier order.  *See* Doc. 36.

IT IS SO ORDERED this 30th day of October, 2023.


/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE