IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MARK PAYNE**                                                                                     **PLAINTIFF**

vs.                                    No. 2:22-cv-2113-PKH

**FREEMAN TRANSIT, LLC, and**                                **DEFENDANTS**
**CHRISTOPHER FREEMAN**

### BRIEF IN SUPPORT OF MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Plaintiff brought this case under the FLSA, 29 U.S.C. § 201 *et seq.*, and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, to recover unpaid wages. Plaintiff obtained some of the most experienced wage counsel in the United States, who took the case without requiring any up-front payment. Plaintiff's counsel (hereinafter "SLF") shouldered all costs and faced the risk of receiving nothing if the case was unsuccessful. SLF applied their unique skill set to claims under the FLSA and AMWA, involving substantial motions practice, discovery and document exchange, damages calculations and settlement negotiations. Following a one-day bench trial, these efforts resulted in a judgment for Plaintiff in the amount of $9,574.69. Plaintiff now respectfully ask the Court to award fees of $12,295.00 and costs of $653.06.

### II. LEGAL STANDARD

A.    <u>Authority for Awarding Fees Under the FLSA and AMWA.</u>

An award of reasonable attorneys' fees and costs to the prevailing party is mandatory under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134

Page 1 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

(6th Cir. 1994).[1] Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. § 202.

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); 29 U.S.C. § 202. The FLSA's fee shifting provision also encourages private litigants to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective legal representation." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999); *see also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). Indeed, "courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases,"[2] and reject the use of proportionality as a basis for reducing fee awards.

---

[1] The AMWA also provides that a court may award costs and a reasonable attorney's fee against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a). Rule 010.14-112 of the Administrative Regulations of the Labor Standards of the Arkansas Department of Labor states that "[t]he department may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [AMWA] . . . except to the extent a different interpretation is clearly required."

[2] In fact, courts in the Eastern and Western Districts of Arkansas have awarded fees in excess of the amount obtained in cases to the Sanford Law Firm. *See e.g.*, *O'Quinn v. Country Inn, Inc.*, 412 F. Supp. 3d 1036 (W.D. Ark. 2019) (awarding plaintiff attorneys' fees in the amount of $23,248.00 and costs in the amount of $3,974.08 following an accepted offer of judgment in the amount of $6,450.00; *Fields v. R.L. Hurst, Inc.*, No. 4:14-cv-137-JLH, 2015 U.S. Dist. LEXIS 151680, at *2, 6 (E.D.

Page 2 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

*See Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. 4/18/2013) (string citing cases); *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2015 U.S. Dist. LEXIS 52540, *41–42 (D. Minn. Apr. 13, 2015).[3]

B.  Calculation of Fees

A court determines a reasonable fee with a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). A court first evaluates the fee petition of a prevailing party and determines the "lodestar," and then determines if the lodestar should be adjusted, based on various factors, discussed below. *Id*. The "lodestar" is "the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, 6 (D. Minn. 6/8/2007). "The relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990); *See also Jenkins*, 127 F.3d at 718 (noting that the "court's focus should not be limited to the success/failure of each of the attorney's actions," but rather whether the actions were reasonable at the time).

There is a strong presumption in favor of awarding the lodestar figure. *Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014). Factors to consider in analyzing a reasonable fee include:

---

Ark. Nov 9, 2015) (awarding plaintiff $17,244.00 in costs and fees for a pre-trial settlement, where the plaintiffs received $12,500.00).

[3] *See also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989); *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (stating that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case."); *see also*, *Dressler v. Kan. Copters & Wings, Inc.*, No. 09-1016-MLB, 2010 U.S. Dist. LEXIS 141474, *7–8 (D. Kan. Dec. 22, 2010) (finding that proportionality requirement "has no legal basis" in an FLSA case).

Page 3 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Gay v. Saline County*, 2006 U.S. Dist. LEXIS 76852, *7 (E.D. Ark. 10/20/2006). (quoting *Hensley*, 461 U.S. at 430 n. 3). These factors should rarely be used to adjust the fee because many are already subsumed within the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).[4] Also, "the court need not exhaustively address every factor." *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004).

Finally, the burden of identifying unreasonable billing can be placed on the losing party because it has both the incentive and the knowledge of the case to point it out. *Moreno*, 534 F.3d at 1116. If the losing party "cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut," meaning a cut of no more than ten percent. *Id*. at 1112, 1115.

### III.  ARGUMENT

A.    <u>Plaintiff's Requested Lodestar</u>

As shown on the Billing Spreadsheet attached as Exhibit 1 to Plaintiff's Motion for Costs and Attorneys' Fees, Plaintiff requests $12,295.00 in attorneys' fees. SLF's hourly rates are reasonable, and the attorneys' fees incurred were reasonable and necessary

---

[4]    *See also Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986); *Saizan v. Delta Concrete Prods. Co.*, Inc. 448 F.3d 795, 800 (5th Cir. 2006); *Beauford*, 2014 U.S. Dist. LEXIS 5039, at *21–22.

Page 4 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

to the prosecution of this case. Thorough, contemporaneous documentation of SLF's time adequately supports the number of hours expended in litigating this matter.

1. *The hours billed by SLF are reasonable.*

Both the total amount of fees requested and the individual time entries detailed in the Billing Spreadsheet reflect reasonable billing. Each task recorded was necessary to the resolution of this matter, and the time spent on each task was reasonable. Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 27–31.

SLF reduced billing in a good-faith effort to exclude potentially excessive, redundant, or unnecessary hours, and to make billing more reasonable. *See Hensley*, 461 U.S. at 434; Decl. Sanford ¶ 49; Ex. 1, Billing Spreadsheet.[5] For example, SLF audited billing and deducted items for which billing insufficiently described how the time was spent, for clerical or administrative work, and for portions of in-house conferences and case management, among other reductions. Decl. Sanford ¶ 33, 49, 50. As a result, SLF reduced their fee request by $1,438.00. *Id*. at ¶ 51. Efforts to voluntarily reduce fees further support the lodestar requested. After subtracting hours billed through the exercise of billing judgment, SLF requests fees for 68.3 hours of legal services.

Plaintiff filed this case on July 19, 2022. *See* Original Complaint (ECF No. 2). Discovery practice in this case included mandatory and supplemental disclosures, as well as Plaintiff's service of interrogatories and requests for production on Defendant. Decl. Sanford ¶ 40. On March 3, 2023, the parties appeared at a settlement conference

---

[5] Billing entries that were wholly deducted from Plaintiffs' fee request were removed from the Billing Spreadsheet entirely, but can be produced upon request. *See* Decl. Sanford ¶ 52. In addition, entries in the Billing Spreadsheet that reveal the substance of conversations with clients or other privileged information have the substantive portions removed and replaced with the phrase "PRIVILEGED INFORMATION," but the replaced language has been preserved and can be produced for in camera review if this Court believes that such a review is necessary in order to award fees related to these entries. *Id*. at ¶ 39.

Page 5 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

before Magistrate Judge Mark E. Ford but were unable to reach a settlement agreement at that time. *See* Text-Only Order, ECF No. 20. The case proceeded to a one-day bench trial, in which this Court found in favor of Plaintiff and awarded Plaintiff $9,574.69 in damages against Separate Defendant Christopher Freeman. Plaintiff files the current motion at the Court's direction, requesting a facially reasonable number of hours. Fees incurred at various phases and types of work, including the original and reduced time and billing by category, are summarized below:

| Category | Actual Time | Actual Value | Time Claimed | Value Claimed | % Reduction |
|---|---|---|---|---|---|
| **Case Management** | 6.1 | $1,117.5 | 2.3 | $488.00 | 62% |
| **Client Communication** | 6.6 | $1,033.5 | 5.7 | $886.00 | 14% |
| **Complaint/Summons/Service** | 2.4 | $180.00 | 2.1 | $157.50 | 13% |
| **Discovery** | 2.3 | $230.00 | 1.8 | $196.00 | 22% |
| **Fee Petition** | 3.0 | $600.00 | 3.0 | $600.00 | 0% |
| **In House Communication** | 3.4 | $524.50 | 0.4 | $80.00 | 88% |
| **OC Communication** | 2.8 | $670.00 | 2.4 | $570.00 | 14% |
| **Settlement Related** | 4.6 | $920.00 | 4.6 | $920.00 | 0% |
| **Trial Related** | 46.6 | $8,457.5 | 46 | $8,397.50 | 1% |
| **Totals** | 77.8 | $13,733.00 | 68.3 | $12,295.00 | 12% |

This breakdown of hours worked aids understanding of fees incurred and further supports the reasonableness of the fee request. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5 (M.D. Ala. Mar. 30, 2011). A discussion of the types of work encompassed by some of the categories identified above is included in the Declaration of Josh Sanford. *See* Decl. Sanford ¶ 34–45.

As the above-referenced chart indicates, SLF exercised billing discretion, which took into account the admonitions of this and other Courts. *See* Decl. Sanford ¶ 51. One category of billing that SLF reduced significantly is "In House Communication," which includes conferences between attorneys of SLF, although some such conferences may

Page 6 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

have been included within a more specific category where appropriate. *Id*. at ¶ 36–38. Intra-firm conferences increase efficiency by promoting the distribution of work to the attorney that can most efficiently or cost-effectively perform the work and sharing knowledge among attorneys to avoid, for example, a half-hour of research when a five-minute conversation with a colleague would achieve the same result. *Id*; *See* Ark. R. Prof. Conduct 1.1. This way, every client benefits from the expertise of the entire firm.

SLF is aware of the negative impression of intra-office exchanges and resulting accusations of "overstaffing," and has substantially reduced "In House Communication" billing. Efforts were made to ensure that only the primary attorneys managing the case at that particular time billed in this category and that they did not bill for the same conversation. This allows Plaintiff to receive the benefit of conferences between SLF attorneys and staff without all of the additional billing. The reduction in this category of billing entries is consistent with judicial recognition that intra-firm conferences can be appropriate while balancing the need to maintain "reasonable" billing overall, particularly with respect to intra-firm conferences.[6]

The attorneys who worked on this case had roles that were discrete and did not result in duplicative or redundant billing. *See* Ex. 1, Billing Spreadsheet. Specifically, Attorney Courtney Harness managed the case from its inception to her departure from SLF in October of 2022. Attorney Harness handled the initial client contact in the case and saw the case through discovery. At this point, Attorney Daniel Ford managed the

---

[6] *See also Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at *7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at *23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995).

Page 7 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

case until his departure from SLF in October of 2023. Attorney Ford handled the case through the unsuccessful settlement conference. Attorney Sean Short managed the case from October of 2023 through trial. Accordingly, Attorney Short expended the most time on the case, the bulk of which was in trial preparation and participation. *See* Decl. Sanford ¶ 19, 48; Ex. 1 Billing Spreadsheet. Despite the passage of this case through the hands of three separate managing attorneys, there is no billing crossover or duplication of work. See Ex. 1, Billing Spreadsheet. Attorney Harness did not bill any time after Attorney Ford took over the case, and Attorney Ford did not bill any time after Attorney Short took over. *Id*. Attorney Rebecca Matlock is a member of SLF's drafting team and has extensive briefing experience, including in preparation of fee petitions, making her ideally suited to perform the work related the current petition in this case. *Id*. Accordingly, although SLF is seeking compensation for the work of four attorneys, it is only seeking compensation for the billing of one managing attorney at a time and one drafting attorney at the extreme end of the case. *Id*.

Allowing attorneys to perform the work that they perform best and most efficiently adds value without adding unnecessary cost. The utilization of additional attorneys did not lead to significant duplication of effort because each additional attorney largely performed tasks that a primary attorney would have otherwise had to perform. Accordingly, although this Court has expressed concern over the number of attorneys and staff engaged to work on a case in the context of fee petitions, SLF has taken this concern into account by attempting to make reductions targeting duplication of effort and by utilizing additional attorneys for the specific tasks for which they are the most

Page 8 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

efficient choice as much as possible. *See Bryan v. Mississippi County, Arkansas*, 2020 U.S. Dist. LEXIS 86019, Doc. 68 (E.D. Ark., Filed May 12, 2020); Decl. Sanford ¶ 48.

SLF also appropriately utilized the assistance of support staff such as Paralegals and Law Clerks. Work performed by paralegals that would have been performed by attorneys is compensable and helps keep the cost of litigation down. *See Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). The work performed by support staff in this case meets this standard.

As discussed above, the lodestar method of calculating attorneys' fees requires the Court to multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate, and there is a strong presumption in favor of the resulting lodestar figure. *West*, 2007 U.S. Dist. LEXIS 43423, *6; *Beauford*, 2014 U.S. Dist. LEXIS 5039, at *21–22. While a Court's experience regarding the amount of fees that might be reasonable in a particular case may guide this analysis, it is not a substitute for the lodestar analysis. *Murphy v. Vaive Wood Prods. Co.*, 802 F. App'x 930, 937 (6th Cir. 2020) (noting that "the lodestar amount is the initial point of departure, when calculating a reasonable attorney fee" and that a "district court may then, *within limits*, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation" (internal quotation marks omitted) (emphasis added)).

At each step in this case, the work performed by SLF was reasonable and necessary to the progress of the litigation and was performed with prudence and efficiency. Counsel kept thorough contemporaneous records of this work. Decl. Sanford ¶ 30; Ex. 1, Billing Spreadsheet. Therefore, Plaintiffs' fee request of $12,295.00 should be granted in its entirety.

Page 9 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

### 2. *SLF billed at reasonable hourly rates.*

A chart detailing the lodestar amounts requested for each individual SLF attorney and support staff for whom billing is requested, is set forth below:[7]

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| **Courtney Harness** | $300.00 | 2.1 | $630.00 |
| **Daniel Ford** | $200.00 | 5.8 | $1,160.00 |
| **Sean Short** | $200.00 | 44.0 | $8,800.00 |
| **Rebecca Matlock** | $200.00 | 2.5 | $500.00 |
| **Paralegal** | $100.00 | 10.1 | $920.00 |
| **Law Clerk** | $75.00 | 3.8 | $285.00 |
| **Totals** | | 68.3 | $12,295.00 |

The hourly rates charged by SLF are reasonable and below the national average for complex litigation. The National Association of Legal Fee Analysis ("NALFA") reports, based on a national survey of more than 2,000 litigators, that the average rate for plaintiffs' attorneys engaged in complex litigation in 2020 was $445.00 per hour. *See* "NALFA Releases 2020 Average Hourly Rates in Litigation," NALFA, http://www.thenalfa.org/blog/nalfa-releases-2020-average-hourly-rates-in-litigation/ (last visited 5 April 2021). Most of the hourly rates requested in this case are well below this figure, although Arkansas' cost of living is only 14% lower than the rest of the nation, according to a report by the Arkansas Economic Development Commission.[8]

SLF's expertise supports the requested rates. There is no group of attorneys within 600 miles of Little Rock who have experience comparable to SLF in wage litigation. Decl. Sanford ¶ 9. Including cases currently being prosecuted throughout the

---

[7] The individual charges underlying the chart reflecting individual attorneys' lodestar amounts are contained in the Billing Spreadsheet (Ex. 1).

[8] *See* "Cost of Living," Ark. Economic Dev. Comm'n, https://www.arkansasedc.com/why-arkansas/life-in-the-natural-state/detail/cost-of-living (last visited 5 April 2021).

Page 10 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

country today, SLF has prosecuted over 1,300 wage cases in federal and state courts and in arbitration proceedings. *Id.*

SLF has been awarded rates comparable to the rates requested in this case. In November of 2022, this Court awarded Attorney Daniel Ford an hourly rate of $200.00. *Folta v. Norfolk Brewing Co.*, No. 21-3038, 2022 U.S. Dist. LEXIS 208097, at *5 (W.D. Ark. Nov. 16, 2022). In October of 2023, the Eastern District of Arkansas awarded Attorney Sean Short an hourly rate of $200.00. Order, *Hallman v. Peco Foods, Inc.*, No. 3:19-cv-368-DPM (E.D. Ark., Filed 10/16/2023), ECF No. 186. Notably, in *Hallman*, the Eastern District recognized that the rates for SLF had not increased since 2019 and raised its awarded rates in accordance with SLF's attorneys' increased experience in the ensuing five-year period. *Id*. at p. 1–2. While Attorney Harness has not litigated extensively in this district or the Eastern District, her higher requested hourly rate reflects her greater legal experience. *See* Sanford Decl. ¶ 19.

In *Rodriguez v. Superior Real Estate Sols.*,[9] the plaintiff requested total fees of $14,833.81, which included requested hourly rates of $383.00 for attorney Josh Sanford. No. 4:19-cv-405-DPM, 2021 U.S. Dist. LEXIS 81981, at *1 (E.D. Ark. 29 Apr. 2021); *See also Rodriguez*, No. 4:19-cv-405-DPM, Doc. No. 29, p. 10 (E.D. Ark. Filed 7 Apr. 2021); *See also Sheffield v. Stewart Builders, Inc.*, No. H-19-1030, Doc. No. 60, p. 12 (S.D. Tex. Filed March 10, 2021) (awarding hourly rates of $450.00 to attorney Josh Sanford, $350.00 to attorney Anna Stiritz, $300.00 to attorney Vanessa Kinney, $285.00 to attorney Steve Rauls). Although the *Rodriguez* Court noted that "some of the rates are too high for this kind of case in this District," the Court still awarded the total amount

---

[9] No. 4:19-cv-405-DPM, 2021 U.S. Dist. LEXIS 81981, at *1 (E.D. Ark. Apr. 29, 2021); *See also Rodriguez*, No. 4:19-cv-405-DPM, Doc. No. 29, p. 10 (E.D. Ark. Filed Apr. 7, 2021).

Page 11 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

in fees requested by the plaintiffs because the amount "represent[ed] a reasonable total for all the work needed in this case." *Id*.

Similarly, three years ago the Honorable Leon Holmes refused to reduce Mr. Sanford's rate from his request of $325.00 per hour in view of the fact that he was not requesting payment for all of his actual hours expended. *Coates v. Dassault Falcon Jet Corp.*, No. 4:17CV372 JLH, 2019 U.S. Dist. LEXIS 140110, at *4 (E.D. Ark. 8 May 2019); *See also Murdock v. McNair*, No. 5:17-CV-05225, 2018 U.S. Dist. LEXIS 204140, at *5–6 (W.D. Ark. 3 Dec. 2018) (approving hourly rate of $325 for attorney Josh Sanford following voluntary reductions in billing that reduced the effective hourly rate to $300 per hour).[10] The same reasoning holds here, where overall billing is reasonable and meaningful reductions were made. Decl. Sanford ¶ 33, 50–52.

While SLF has also been awarded lower hourly rates than some of those requested in this case, Plaintiff maintains that the requested rates are supported by SLF's experience and expertise. The law is clear that attorney rates in fee-shifting cases must be set by the free market. *See Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (fee awards must consider the "prevailing market rate in the relevant community."); *Eldredge v. EDCare Mgmt.*, 766 F. App'x 901, 910 (11th Cir. 2019); *West*, 2007 U.S. Dist. LEXIS 43423, 6 (noting the reasonable hourly rate is "the prevailing rate for similar legal services performed by attorneys of comparable skill, experience, and

---

[10] *See also Estes v. Christopher Buell*, Case No. 4:18-cv-26-KGB, Doc. No. 50 (E.D. Ark. Filed 05/25/2020) (granting fee petition that included requests for attorney billing at the following hourly rates: $325 for Josh Sanford; $225 for Lydia Hamlet; $190 for Rebecca Matlock; $225 for Steve Rauls; $150 for Tess Bradford) (as identified in Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees, *Estes v. Christopher Buell*, Case No. 4:18-cv-00026-KGB, Doc. No. 47, p. 9 (E.D. Ark. Filed 04/17/2019)); *See also Latcham v. U.S. Pizza Company, Inc.*, No. 4:16-cv-582-BSM (E.D. Ark. Jan. 24, 2019) (awarding an hourly rate of $325.00 to attorney Josh Sanford); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474, at *4-5 (W.D. Ark. Mar. 8, 2016) (approving over the objection of the defendant the hourly rates of $290.00 for attorney Josh Sanford, $225.00 for other attorneys of Sanford Law Firm, and $60.00 for "staff").

Page 12 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

reputation" in the relevant community). Where evidence shows that market rates exceed rates previously awarded by the courts, it is appropriate for a party requesting attorney's fees to take its cues from the market rather than from precedent.

Indeed, as stated in *Hallman*, an attorney's hourly rate is not frozen in time, but rather naturally increases over time as a result of *both* inflation and increased experience. No. 3:19-cv-368-DPM (E.D. Ark., Filed 10/16/2023), ECF No. 186. *See also McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020) ("But the passage of time not only triggers inflation adjustments, it represents additional time in which the attorney has gained more experience and skill, justifying higher rates."). To account for inflation, the *Veasey* court relied on a rate calculator found at the United States Bureau of Labor Statistics. 2020 U.S. Dist. LEXIS 255611, at *50, n.24; *See also* U.S. Bureau of Labor Statistics, "CPI Inflation Calculator," https://www.bls.gov/data/inflation_calculator.htm (last viewed March 13, 2023).

The rates requested reflect the geographic area in which SLF practices, the type of law practiced, the qualifications and experience of the attorneys in this case, and the resulting market value of those factors. Decl. Sanford ¶ 7–17, 19. SLF considered this information when setting the appropriate rates for purposes of calculating the lodestar in this case. *Id*. at ¶ 23–29. Should this Court disagree, Plaintiff stands ready to assist with re-calculating attorneys' fees using the rates awarded by the Court.

Page 13 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

B. *Johnson* Factors

As discussed above, the *Johnson* factors are typically reflected in the lodestar and are rarely used to justify a deviation from the lodestar amount. However, to the extent that any of the *Johnson* factors support a deviation, that deviation is upward.

With respect to the skill requisite to perform the legal service properly, SLF devotes a significant part of its practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶ 4–7, 9, 11–14, 19, 20, 25, 27. Specialization, such as in labor and employment law, can support a higher-than-average rate. *See*, *e.g.*, *Autrey v. Food Concepts Int'l, LP*, No. 2:13-cv-131, 2017 U.S. Dist. LEXIS 46693, at *14 n.5 (S.D. Ohio Mar. 29, 2017). This factor supports the hourly rates requested by Plaintiff. Likewise, the contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 16, 17, 23–26.[11]

C. Costs and Expenses

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH

---

[11] *See also Fox v. Pittsburg State Univ.*, No. 2017 U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that any "contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement").

Page 14 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiff seeks $653.06 in costs. Costs are reflected in Plaintiff's Costs Invoice (Ex. 3) and fall into the categories of filing fees, service costs and travel costs. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 53–54. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiff requests an award of all costs.

## IV. CONCLUSION

SLF submitted complete documentation of the hours reasonably expended in litigating this case and its attorneys billed their time at reasonable rates. SLF is entitled to the strong presumption that the lodestar fee should be awarded in full. Plaintiff's counsel are skilled attorneys with particular experience in FLSA cases who took up Plaintiff's cause and bore the cost throughout the litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, SLF should be awarded compensation commensurate with what they would have received from a paying client. Therefore, Plaintiff respectfully requests that the Motion for Costs and Attorneys' Fees be granted in its entirety and that Defendant Christopher Freeman be ordered to pay attorneys' fees of $12,295.00 and costs of $653.06, for a total of $12,948.06.

Page 15 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

Respectfully submitted,

**PLAINTIFF MARK PAYNE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 16 of 16
Mark Payne v. Freeman Transit, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 2:22-cv-2113-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**