UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK PAYNE                                                                                                     PLAINTIFF

v.                                              No: 2:22-cv-2113

FREEMAN TRANSIT, LLC and
CHRISTOPHER FREEMAN                                                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff Mark Payne's motion (Doc. 44) for attorney's fees and costs and his accompanying brief in support (Doc. 45).  Mr. Payne also submitted a billing spreadsheet (Doc. 44-1), a declaration of his attorney Josh Sanford (Doc. 44-2), and a costs invoice (Doc. 44-3) as exhibits to his motion.  Because Defendant Christopher Freeman is no longer represented by counsel, the Court invited Mr. Freeman to file a response.  (Doc. 47).  The response deadline has passed, and no response has been filed.  For the reasons set forth below, the motion will be GRANTED IN PART.

**I.      Background**

Plaintiff Mark Payne sued Defendants Freeman Transit, LLC and Christopher Freeman on July 19, 2022.  (Doc. 2).  Mr. Payne alleged Defendants violated the Fair Labor Standards Act ("FLSA") by not paying him overtime compensation.  The case proceeded to trial against Mr. Freeman individually because the case is stayed against Freeman Transit, LLC due to ongoing bankruptcy proceedings.  Following a bench trial, the Court set forth findings of fact and conclusions at law, awarding Mr. Payne $9,574.69 in damages for his unpaid overtime claim.  *See* Doc. 42.

Mr. Payne now moves for attorney's fees and costs under 29 U.S.C. § 216(b).  Mr. Payne requests $12,295.00 in attorney's fees and $653.06 in costs.  The billing spreadsheet includes time

1

entries for four attorneys from the Sanford Law Firm ("SLF")—Courtney Harness, Daniel Ford, Sean Short, and Rebecca Matlock. The spreadsheet also included time entries from a paralegal and law clerk. After a "good faith review" of its billing in this case, SLF reduced the fees it seeks by $1,438.00. (Doc. 45, p. 5).

II.     **Legal Standard**

Under 29 U.S.C. § 216(b), Mr. Payne is entitled to reasonable attorney's fees and costs, to be paid by Mr. Freeman. "To determine reasonable attorney's fees, the court must first calculate the lodestar by multiplying the number of hours worked by the prevailing hourly rate." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (citing *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021)). Because of a district court's intimate familiarity with its local bar, the district court has "great latitude to determine a reasonable hourly rate." *Childress v. Fox Assocs.*, 932 F.3d 1165, 1172 (8th Cir. 2019). "The court also may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time but should exclude hours that were not reasonably expended from its calculations." *Burton*, 20 F.4th at 431 (internal quotations and citations omitted). After calculating the lodestar, the court may reduce the lodestar by considering the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* (citing *Vines*, 9 F.4th at 855). "In sum, the court should calculate the reasonable hourly rate and the reasonable number of hours worked, use these two variables to calculate the lodestar, and, as appropriate, adjust the lodestar to reach the final award." *Id.*

III.    **Analysis**

    A.     **Reasonable Hourly Rate**

SLF requested the following hourly rates for its attorneys: Courtney Harness, $300; Daniel Ford, $200; Sean Short, $200; and Rebecca Matlock, $200. Additionally, the SLF law clerk billed

$75 per hour and the paralegal billed $100 per hour. For the most part, the requested hourly rates for the attorneys are reasonable. However, Ms. Harness's $300 per hour request is unreasonable. The Eighth Circuit has affirmed reasonable rates for SLF attorneys as "$250 for the managing partner, $175 for the litigating attorney, $25 for the law clerks, and zero for staff." *Burton*, 20 F.4th at 432; *see also Vines v. Welspun Pipes, Inc.*, 2023 WL 4247395 (8th Cir. June 29, 2023) (affirming rates of $250 for senior attorneys, $175 for senior associates and $150 for junior associates). Ms. Harness was the first SLF litigating attorney on this case before handing the case off to Mr. Ford. Therefore, the Court will not use a rate of $300 because it exceeds previously awarded rates for litigating attorneys. The Court will reduce Ms. Harness's rate to $250 per hour, which is consistent with a senior attorney's rate. The Court considers Ms. Harness a senior attorney because of her nearly 20 years of experience. (Doc. 44-2, p. 6). The requested rates for the remaining attorneys are reasonable.

The Court will also reduce the paralegal and law clerk rates. The Court will reduce the paralegal rate from $100 to $75. This is consistent with recent practice in this district. *See Holcombe v. Midwest Outdoor Concepts, LLC*, 2023 WL 3077856, at *2 (W.D. Ark. Apr. 25, 2023); *Intres v. Neumeier Enters., Inc.*, 2023 WL 4571277, at *4 (W.D. Ark. June 29, 2023), report and recommendation adopted, 2023 WL 4566060 (W.D. Ark. July 17, 2023). For the same reason, the Court will reduce the law clerk rate from $75 to $25. *See id.*; *Burton*, 20 F.4th at 432.

Based on the Court's experience, knowledge of the local market, and Eastern and Western Districts of Arkansas precedent, the Court therefore finds the following hourly rates to be reasonable: Courtney Harness, $250; Daniel Ford, $200; Sean Short, $200; Rebecca Matlock, $200; the paralegal, $75; and the law clerk, $25.

### B. Reasonable Number of Hours Worked

The Court largely agrees that the total hours billed were reasonable except for one category: In House Communication. The Court has previously described SLF's habit of overbilling cases via the "In House Communication" category. *See Hale v. Belmont Mgmt. Co.*, 2022 WL 2833983, at *3 (W.D. Ark. July 20, 2022). The Court has previously reduced hours billed to the "In House Communication" category to zero because the litigating attorney's experience does not support the number of hours requested. *Id.* The Court sees no reason to depart from that practice here. The requested "In House Communication" hours in this case involve conferences on damages and trial strategy. The Court finds that Mr. Ford and Mr. Short's litigation experience prevented any need for them to bill for "In House Communication" with Mr. Sanford. The reasonable number of hours billed for "In House Communication" is zero. The remainder of the hours billed are reasonable.

The Court awards the following attorney's fees:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Courtney Harness | $250.00 | 2.1 | $525.00 |
| Daniel Ford | $200.00 | 5.7 | $1,140.00 |
| Sean Short | $200.00 | 43.7 | $8,740.00 |
| Rebecca Matlock | $200.00 | 2.5 | $500.00 |
| Paralegal | $75.00 | 10.1 | $757.50 |
| Law Clerk | $25.00 | 3.8 | $95.00 |
| | | **Total** | **$11,757.50** |

### C. Costs

Mr. Payne seeks $653.06 in costs. SLF's cost invoice represents Mr. Payne is seeking costs for a service fee, filing fee, and a hotel for Mr. Short during the trial. (Doc. 44-3). The FLSA allows a prevailing plaintiff to recover the "costs of the action." 29 U.S.C. § 216(b). Congress

has listed certain costs that are recoverable. 28 U.S.C. § 1920. However, in FLSA cases, courts have allowed parties to recover costs outside those listed in § 1920. *Gutierrez v. 1873 Club of Texarkana*, 2022 WL 2911691, at *9 (W.D. Ark. July 22, 2022) (citing *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008)). The *Sturgill* court interpreted a similar fees and costs statute to allow recovery of attorney travel and private process server expenses. 512 F.3d at 1036. Therefore, Mr. Payne can recover the costs for a service fee and his attorney's hotel under *Sturgill*. Mr. Payne can also recover his filing fee under 28 U.S.C. § 1920. The Court will therefore award Mr. Payne $653.06 in costs.

### IV.   Conclusion

IT IS THEREFORE ORDERED that Mr. Payne's motion (Doc. 44) for attorney's fees and costs is GRANTED IN PART as stated above. Mr. Payne is awarded $11,757.50 in fees and $653.06 in costs.

IT IS SO ORDERED this 29th day of April, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE